UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

TED T. AYOUB,                             Case No. 16-cv-13687
                                         Hon. Matthew F. Leitman

       Debtor.

_____/

## ORDER (1) AFFIRMING THE BANKRUPTCY COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS; (2) VACATING THE BANKRUPTCY COURT'S ORDER ESTABLISHING NATURE AND AMOUNT OF SANCTIONS AGAINST PLAINTIFF TED AYOUB AND PLAINTIFF'S COUNSEL NORTON T. GAPPY; AND (3) REMANDING FOR FURTHER PROCEEDINGS

On October 17, 2016, Appellants Ted Ayoub, a bankruptcy debtor, and Norton Gappy, Ayoub's counsel, filed a notice of appeal in this Court with respect to two orders entered by the United States Bankruptcy Court for the Eastern District of Michigan in Adversary Proceeding 15-04153. (*See* ECF #1.) In the first order, the Bankruptcy Court determined that Ayoub and Gappy should be sanctioned for pursuing baseless claims in the Adversary Proceeding against Defendants Joseph Yamin, John Gwyn, Weltman, Wienberg & Ries Co., LPA, Robert Szantner, RSA Design Group, Lambert Lesser, Stephen C. Cooper, Beier Howlett P.C., FirstMerit Bank, and Simon, Galasso & Frantz, PLLC (the "Sanctions Determination Order"). (Ad. Proc. Dkt. #87.) In the second order, the Bankruptcy Court established the nature of the sanctions – ordering Ayoub and Gappy to pay the Defendants a total of

$93,988, barring Ayoub and Gappy from commencing further related litigation without prior permission, and sealing the records of the Adversary Proceeding (the "Sanctions Establishment Order"). (Ad. Proc. Dkt. #96.)

For the reasons explained below, this Court **AFFIRMS** the Sanctions Determination Order, **VACATES** the Sanctions Establishment Order, and **REMANDS** this case to the Bankruptcy Court for further proceedings consistent with this Order.

# I

This case and the related state-court proceedings underlying this action have a long and tortured history. This Court will not set forth most of the precise details of that history because they are not essential to the proper resolution of this appeal. The Court sets forth below only those basic facts that are required to understand the issues now before the Court.

On July 16, 2010, Ayoub filed for Chapter 7 Bankruptcy. He received a Chapter 7 discharge on April 18, 2011.

In October 2014, Ayoub, then represented by Gappy, moved under 11 U.S.C. § 350 to re-open his bankruptcy case for the purpose of filing an adversary proceeding against the above-identified Defendants. Over the Defendants' objections, the Bankruptcy Court granted Ayoub's motion, re-opened Ayoub's

bankruptcy, and permitted Ayoyb to file a Complaint against the Defendants in an adversary proceeding.

Ayoub filed the Complaint in February 17, 2015. In the Complaint, Ayoub alleged that during the course of his bankruptcy proceedings, certain Defendants violated the automatic stay under Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, by (1) filing an Amended Complaint in a state-court civil action that sought to recover a debt owed by Ayoub and (2) undertaking certain collection activities related to the state-court action. Notably, the Amended Complaint in state court did not name Ayoub as a defendant and expressly stated that it was not seeking to recover from Ayoub individually. Ayoub's Complaint in the Adversary Proceedings also alleged that certain Defendants violated the discharge granted by the Bankruptcy Court when, following entry of that discharge, those Defendants moved in state court to block Ayoub from pursuing litigation to collect debts that, Ayoub claimed, were owed to him personally. Importantly, the state courts had previously agreed with the Defendants that in the litigation in question Ayoub (1) was impermissibly attempting to collect debts that belonged to corporations with which he had been affiliated and (2) was not attempting to collect debts that belonged to him personally.

Thereafter, all Defendants filed motions in the Bankruptcy Court to dismiss the Complaint. That court granted those motions by order dated June 1, 2015. (Ad.

Proc. Dkt. #50.) In an Opinion issued that same day, the court explained that Ayoub's claims were fundamentally flawed because they ignored the distinction between Ayoub personally (to whom the automatic stay and the discharge applied) and corporate entities in which Ayoub owned an interest and/or was affiliated (to which the automatic stay and discharge did not apply). (Ad. Proc. Dkt. #49.)

The Defendants then filed motions for sanctions against both Ayoub and Gappy in which they argued that the claims asserted in Ayoub's Complaint were frivolous. Ayoub and Gappy opposed the sanctions motions.

On September 6, 2016, the Bankruptcy Court entered the Sanctions Determination Order. In that order, the Bankruptcy Court found that Ayoub and Gappy lacked a good-faith basis to believe that the claims in the Adversary Proceeding had merit or were justified by an extension of existing law. Accordingly, the Bankruptcy Court granted all of the Defendants' requests for sanctions.[1]

The Sanctions Determination Order did not establish the specific sanctions that would be imposed against Gappy and Ayoub. Instead, at the conclusion of that order, the Bankruptcy Court directed the Defendants to submit statements detailing

---

[1] Some of the Defendants served their sanctions motions twenty-one days before filing the motions; other did not. With respect to the Defendants who served their sanctions motions in advance of filing, the Bankruptcy Court awarded sanctions against Gappy, the signer of the Complaint, under Bankruptcy Rule 9011. With respect to the remaining Defendants, the Bankruptcy Court awarded sanctions against Gappy under its inherent authority. Finally, with respect to all of the Defendants, the court awarded sanctions against Ayoub under its inherent authority.

the amount and type of sanctions sought, and the court directed the parties to appear for an evidentiary hearing on September 21, 2016. The Defendants submitted their sanctions statements prior to the scheduled hearing.

Neither Gappy nor Ayoub appeared for the hearing on September 21. The Bankruptcy Court proceeded with the hearing in their absence and took the matter under advisement.

Two days later, on September 23, 2016, Gappy filed a "Motion for Rehearing Regarding the Evidentiary Hearing of September 21, 2016." (Ad. Proc. Dkt. #94.) In that motion, Gappy told the Bankruptcy Court that he had missed the September 21st hearing because he made a mistake when entering the hearing date into his calendar. (*See id.*) Gappy explained that he had been under a tremendous amount of stress because his father had been diagnosed with terminal bladder cancer, and he (Gappy) had been spending "a great deal of time" attending to his father's urgent needs. (*Id.*) Gappy further described how he had "been overwhelmed since his father was diagnosed with terminal bladder cancer," and he said that his father's "diagnosis and doctors' … appointments ha[d] apparently distracted/overwhelmed [him] more than [he] thought." (*Id*) Gappy further highlighted that he had not missed any of the other proceedings in the case and that he had had "every intention" of attending the evidentiary hearing. (*Id.*) Finally, Gappy promised that if the court did re-schedule the evidentiary hearing that he "[would] attend" that hearing "without doubt." (*Id.*)

The Bankruptcy Court did not rule on the merits of Gappy's request to re-schedule the hearing. Instead, it issued a text-only order striking Gappy's motion. In full, the order provided as follows: "This pleading is stricken from the record because of Incomplete Case Caption and misuse of the generic event (should use Request for Hearing) (related documents Generic Motion). So Ordered by /s/ Judge Walter Shapero." (Ad. Proc. Dkt #95.)

The Bankruptcy Court issued the Sanctions Establishment Order on September 29, 2016. (Ad. Proc. Dkt. #96.) Before specifying the sanctions awarded, the court acknowledged Gappy's request to re-schedule the hearing and explained that it would not re-set the hearing because of, among other things, its impending retirement:

> On September 23, 2016, the docket reflects the attempted filing of a Motion on behalf of Ayoub and Gappy seeking a rehearing of the September 21, 2016 hearing. On September 26, 2016 the docket reflects the entry of a docket order striking that motion due to procedural deficiencies. Irrespective of that, given the circumstances and particularly the fact that this Court is retiring effective September 30, 2016, and this Court having heard the matter, it should and must act on the subject matter of this order prior to its retirement. It is therefore appropriate that this order be entered and any request for rehearing, whenever filed, be addressed to and heard by the Judge to whom this case is reassigned.

(*Id.* at n.1.)

The Bankruptcy Court then ordered the following sanctions: (1) it required Ayoub and Gappy, jointly and severally, to pay a total of $93,988 to the Defendants; (2) it enjoined Ayoub and Gappy from filing litigation related to the subject matter

of the Adversary Proceeding; and (3) it sealed the records of the Adversary Proceeding, other than its own Opinions and Orders. (Ad. Proc. Dkt. #96.)

Ayoub and Gappy filed a timely Notice of Appeal, and the parties then fully briefed the appeal. This Court held a hearing on the appeal on August 17, 2017.

## II

### A

Pursuant to 28 U.S.C. § 158, a district court has jurisdiction over appeals from the bankruptcy court in the same district. A reviewing court will not set aside a bankruptcy court's factual findings under they are clearly erroneous. *In re Laguna Assocs. Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1994). A bankruptcy court's conclusions of law are reviewed *de novo*. *See id.*

### B

An award or denial of sanctions is reviewed under the abuse of discretion standard. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir.1996). A court abuses its discretion when the court's (1) decision is based on an erroneous conclusion of law; (2) the court's findings are clearly erroneous; or (3) decision is unreasonable, arbitrary, or fanciful. *In re M.T.G., Inc.*, 298 B.R. 310, 317 (E.D. Mich. 2003).

**III**

Ayoub and Gappy challenge the Sanctions Determination Order on two grounds. First, they argue that the claims in Ayoub's Complaint could not have been frivolous because the Bankruptcy Court necessarily found at least some merit in the claims when that court granted the motion to re-open Ayoub's bankruptcy and allowed Ayoub to file the claims in the first instance. Second, they argue that the claims in Ayoub's Complaint were, in fact, meritorious and that the award of sanctions was thus plainly wrong and constituted an abuse of discretion. This Court will address these arguments separately below.

**A**

The Court rejects Ayboub's and Gappy's argument that the Bankruptcy Court found some merit in Ayoub's claims when that court agreed to permit Ayoub to assert the claims. When the Bankruptcy Court announced its ruling granting Ayoub's motion to re-open his bankruptcy and file his Complaint against the Defendants, the court made clear that it was *not* pre-judging the merits of Ayoub's claims:

> THE COURT: My ruling on this matter is as follows:
>
> I am going to grant the motion to reopen the case, but I have other comments to make. The -- the statute and rule permit the reopening of the case for cause.

It's been said many times that this is a fairly low threshold and so I think cause has been shown to pursue violations or alleged violations of the other – particularly the discharge injunction.

*But let me say other things in connection with this. I think the parties that have spoken to the Court today on the record as far as I have perceived it at least, have made a fairly strong case for their position in terms of the merits of any claim that may be made.*

*But the point is, that is not before me today. And for me to deny the opening of the case is in effect, given the nature of this situation, a pre-determination of the merits of the claim that the debtor says he's going to make if the case is reopened.*

And given the complexity of the State Court proceeding, the duration, the timing, I mean there are laches issues, there are all kinds of issues. *And for me to determine -- pre-determine on a reopening motion, the merits of the proceedings, or the lack of merits of the proceeding would be a mistake.*

*So that said, and so the merits ought to be determined in the context of a proceeding where we have the entire record and the matters at issue. And then I can decide the merits of the case in that context as opposed to denying the moving party here the opportunity to at least assert that.*

So that said, that's my rationale. And I will sign the order. Well, do we need to get in -- into an argument about the -- the order? Let's see what the order -- well, this is a -- I'm not sure there was an order presented.

Given the nature of the -- of the original filing is an ex parte matter. That said, I'll ask the moving party to simply present an order -- present it under the local rule so there's

> no issue of further need for any complex problems here.
> And -- but that's my ruling. And present an order that
> simply grants the motion.

(Ad. Proc. Dkt. #117; 12/11/14 Tr. at 29-31; emphasis added.)

Simply put, the bankruptcy court expressly *withheld* any consideration of the merits of Ayoub's claims when it granted Ayoub's motion to re-open his bankruptcy and file his Complaint against the Defendants. Thus, Ayoub and Gappy are not entitled to reversal of the Sanctions Determination Order on the ground that the Bankruptcy Court found some merit in Ayoub's claims before the court agreed to re-open Ayoyb's bankruptcy.

**B**

The Court rejects Ayoub's and Gappy's argument that there was at least some merit in claims Ayoub raised in his Complaint against the Defendants. The Court addresses each of the claims Ayoub raised separately below.

**1**

In the claim for violation of the automatic stay, Ayoub alleged that certain Defendants violated the stay by pursuing litigation and collection efforts related to that litigation in state court. But, critically, Ayoub was not a defendant in the relevant state court litigation; the Amended Complaint in that action – which, according to Ayoub, was filed in violation of the automatic stay – did not seek entry of a judgment against Ayoub. Indeed, as the Bankruptcy Court correctly noted, the

state court Amended Complaint expressly stated that "the above action has not been stated against [Ayoub] individually due to [his] bankruptcy filing." (Ad. Proc. Dkt. #87 at 3, quoting state court Am. Compl.) While the Amended Complaint did assert claims against a corporation whose stock was wholly owned by Ayoub, that is plainly not the same as asserting a claim against Ayoub personally. The related collection activities were likewise not even arguably directed at Ayoub personally.

Ayoub and Gappy counter that the Amended Complaint violated the automatic stay because it asserted a claim against a corporation on the ground that the corporation was Ayoub's alter ego. Ayoub and Gappy contend that that is the same (or effectively the same) as proceeding against Gappy himself. But Ayoub and Gappy have not cited any authority for the proposition that the assertion of such an alter ego claim – which seeks to collect assets held by the corporation and titled in the corporation's name – violates the automatic stay.[2] Moreover, it is significant that Ayoub did not respond to the filing of the Amended Complaint or to the

---

[2] Ayoub and Gappy cite a number of cases in which an automatic stay issued to a debtor has been extended to protect an entity that is closely related to the debtor. (*See* Ayoub's Appeal Brief, ECF #26 at Pg. ID 297-98.) But those cases are no help to Ayoub and Gappy. In these cases, a court entered an order extending the automatic stay to the related party. Nothing in those decisions suggests that the stay applied to the related parties in the absence of a court order. Here, Ayoub never filed a motion to extend the automatic stay to the defendants named in the Amended Complaint in state court, and the Bankruptcy Court never extended the stay to any of those parties. The cases cited by Ayoub do not indicate that the automatic stay would apply to the state court defendants under these circumstances.

undertaking of the related collection actions by moving in his bankruptcy proceedings – which were ongoing at that time – for entry of an order holding that those actions violated the automatic stay. If Ayoub truly had a good-faith belief that the inclusion of an alter ego theory in the Amended Complaint and the pursuit of related collection activities violated the stay – and, as described above, he has not cited any authority for that proposition – then he surely would have sought to remedy those violations when they occurred. Simply put, the Court is not persuaded that Ayoub and Gappy had a good-faith basis for claiming in the Adversary Proceeding that the filing of the state court Amended Complaint and the collection actions related to that Amended Complaint violated the automatic stay entered in Ayoub's bankruptcy.

**2**

In the claim for violation of the discharge, Ayoub alleged that the Defendants violated the discharge by preventing him from pursuing state court litigation in which, according to Ayoub, he was seeking to collect debts owed to him personally. But, as the Bankruptcy Court noted, the state courts repeatedly ruled that Ayoub was improperly attempting to assert claims that did not belong to him personally, and, instead, belonged to corporate entities in which he owned an interest or with which he was affiliated. Ayoub has not presented any basis on which to question the state court's rulings in this regard nor any basis on which one could conclude that any of

the Defendants violated his bankruptcy discharge by seeking to block him from asserting the claims in question in state court.

**3**

The Court finds persuasive, and adopts as its own, the Bankruptcy Court's thorough analysis and well-supported conclusions (as set forth in the Sanctions Determination Order) on the issue of whether Ayoub and Gappy should have been sanctioned for the claims asserted against the Defendants. As the Bankruptcy Court aptly noted, an award of sanctions was especially appropriate in light of the fact that – as the Bankruptcy Court described in detail – the state courts had repeatedly rejected Ayoub's efforts to conflate his personal status with that of corporations in which he owned an interest. Accordingly, the Court **AFFIRMS** the Sanctions Determination Order.

**IV**

The Bankruptcy Court should not have entered the Sanctions Establishment Order without re-scheduling the evidentiary hearing that Gappy failed to attend and giving Ayoub and Gappy a full opportunity to present evidence and argument with respect to the requested sanctions. While Gappy clearly made a mistake in missing the scheduled hearing date, he offered the Bankruptcy Court an entirely reasonable explanation for his error – the terminal illness of his father and the havoc that illness was wreaking in his life. With so much at stake – given the substantial sums

demanded by the Defendants and the potential impact of a large sanctions award on Gappy, a solo practitioner – the balance of equities tipped decidedly in favor of re-setting the evidentiary hearing. And doing so would not have unfairly prejudiced the Defendants.

The Bankruptcy's Court desire to enter the Sanctions Establishment Order and to conclude the Adversary Proceeding was understandable in light of that court's impending retirement. There is no doubt that that court was best positioned to determine the sanctions to be awarded, that judicial efficiency was best served by having that court do so, and that that court had the best interests of the system in mind when it proceeded to impose the sanctions rather than "kicking" the sanctions "can" down the "road." But the successor judge was (and is today) surely capable of deciding which sanctions to impose, and under the unique circumstances of this case (including the significant impact that the requested sanctions could have had on Gappy and Ayoub), the hearing concerning the type of sanctions to be imposed should have been held before the successor judge even if that resulted in some measure of judicial inefficiency.

The Bankruptcy Court seemed to recognize that Gappy and Ayoub should be given an opportunity to address the nature and amount of the sanctions in that court and prior to any appeal. The court suggested that Gappy and Ayoub could file a motion for rehearing to be heard by the successor judge. But a motion for rehearing

was not a sufficient substitute for an evidentiary hearing prior to a ruling on which sanctions to impose.  In the context of a motion for rehearing, Gappy and Ayoub would have had to demonstrate both a palpable defect and that correction of that defect would have resulted in a different disposition. *See, e.g, In Re Bressler*, 2005 WL 1177908 (Bkrtcy. E.D. Mich. 2005). In contrast, if the Bankruptcy Court had conducted the evidentiary hearing before entering the Sanctions Establishment Order, Gappy and Ayoub could have presented their evidence and argument free of that formidable burden.[3]

For the reasons explained above, this Court **VACATES** the Sanctions Establishment Order and **REMANDS** to the Bankruptcy Court for further proceedings consistent with this Order, including allowing Gappy and Ayoub to present evidence and argument opposing the nature and amount of Defendants' requested sanctions.  Following the presentation of evidence and argument by Gappy and Ayoub (and any other proceedings or evidentiary submissions the Bankruptcy Court deems appropriate), the Bankruptcy Court, guided by relevant Sixth Circuit and other precedent concerning the factors to consider when imposing sanctions,

---

[3] The Court recognizes that Gappy titled his submission as a motion for "rehearing." (See Ad. Proc. Docket #94.) But he was not seeking rehearing of the decision concerning which sanctions to impose because that decision had not yet been made. Gappy was asking the court to hold a hearing before making a final ruling.

may enter a new order establishing the nature and amount of sanctions it deems appropriate.[4]

V

As explained above, **IT IS HEREBY ORDERED** that the Sanctions Determination Order is **AFFIRMED**; the Sanctions Establishment Order is **VACATED**; and this case is **REMANDED** for further proceedings consistent with this Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[4] Nothing in this Order shall in any way preclude the Bankruptcy Court from imposing the same sanctions imposed in the Sanctions Establishment Order if, after reviewing the evidence and argument, the court deems those sanctions appropriate. This Court expresses no opinion whatsoever as to whether any particular sanction or amount of monetary sanctions is appropriate. This Court vacates the Sanctions Establishment Order for procedural, not substantive, reasons.